No. 117,992

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

ERIC WAYNE KNIGHT,
*Appellee*.

SYLLABUS BY THE COURT

1.

As a general rule, appellate review of a district court's ruling on a motion to suppress must be based solely on the evidence presented at the suppression hearing.

2.

Warrantless searches by police are considered unreasonable unless a recognized exception permits them.

3.

The automobile exception to the warrant requirement authorizes the warrantless search of a lawfully stopped vehicle where there is probable cause to believe the vehicle contains contraband or evidence of a crime.

4.

Probable cause to search a vehicle exists when the totality of the circumstances indicates there is a fair probability that the vehicle contains contraband or evidence of a crime.

1

5.

The scope of a warrantless search of an automobile is defined by the object of the search and the places in which there is probable cause to believe that it may be found.

Appeal from Barton District Court; RON SVATY, judge. Opinion filed May 18, 2018. Reversed and remanded.

*Douglas A. Matthews*, assistant county attorney, *Amy J. Mellor*, county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Lisa A. Beran*, of Law Office of Lisa A. Beran, of Great Bend, for appellee.

Before STANDRIDGE, P.J., HILL and BUSER, JJ.

STANDRIDGE, J.:  This is an interlocutory appeal by the State from an order suppressing evidence. For the reasons stated below, we reverse the district court's order and remand for further proceedings.

## FACTS

While on road patrol in the early afternoon of October 4, 2016, Barton County Sheriff's Deputy Sierra Thorne observed a black Pontiac Firebird with a Colorado license plate bearing a 2016 registration sticker. Uncertain as to whether the car registration had expired, Thorne contacted her dispatcher and relayed the car's license plate number. After the dispatcher told her the plate registration had expired, Thorne activated the emergency lights on her patrol car and stopped the vehicle. Leaving her patrol car, Thorne approached Eric Wayne Knight, the driver of the vehicle, and requested he produce his driver's license and vehicle insurance information. Knight gave Thorne a Colorado

driver's license, but he told her it was not valid. Knight also was unable to produce any documentation to prove that his vehicle was insured.

A woman later identified as Erica Arnold was a passenger in the front seat of the car. The car was an older T-top model. The T-tops were not attached, and Deputy Thorne had a view looking down into the interior of the car. While talking to Knight, Thorne observed that Arnold, who was wearing a tight top and loose pants, had a 1-inch bowl and part of the cylinder of a greenish-white glass pipe tucked in her waistband. Thorne immediately recognized the bowl and cylinder as drug paraphernalia of the type used to smoke methamphetamine. After advising Arnold that she could see the pipe, Thorne directed Arnold not to touch it. Thorne then walked around to the passenger side of the car. At this point, Thorne asked both Arnold and Knight to exit the car and sit down on the ground. Thorne then removed the glass pipe from Arnold's waistband.

After directing Knight and Arnold to exit the car, Deputy Thorne searched it. Thorne's search of Knight's car brought additional contraband to light. Inside the middle console between the front seats, Thorne found a plastic container with a green leafy substance inside it. Thorne also found a white pill and a circular object that contained a brown liquid; both of these items were found in the console. The only other contraband found in the console was a small plastic cylinder filled with a crystal white substance. When Thorne searched the glove box, she found a large blue cylindrical tube that contained a green leafy substance.

Knight was charged with possession of methamphetamine, possession of marijuana, possession of drug paraphernalia, and various traffic violations. Knight was bound over for trial after a preliminary hearing. Knight then filed a motion to suppress the narcotics and paraphernalia seized from the car, asserting that this contraband was seized as the result of an unlawful search. The district court held an evidentiary hearing on the motion to suppress. Relevant to the issue presented on appeal, Knight argued at the

3

hearing that Deputy Thorne did not have probable cause to search his car. The State disagreed, asserting that Thorne's observation of paraphernalia on Arnold's person, in combination with Thorne's training and experience, established the necessary probable cause to search the car.

After hearing the evidence and counsels' arguments, the district court found Deputy Thorne's discovery, in plain view, of the glass bulb item tucked in Arnold's waistband provided reasonable suspicion to believe that there may have been additional drug paraphernalia or drugs in the car but that the law was "in flux" as to whether the discovery in plain view of drug paraphernalia on the person of a passenger riding a vehicle established probable cause to search the driver's vehicle. Based on the lack of clear authority, the district court granted the motion to suppress. A brief journal entry was filed three days later.

ANALYSIS

On appeal, the State claims the district court erred in suppressing the evidence found in Knight's car. Specifically, the State argues that consideration of the totality of the circumstances in this case establish that Deputy Thorne had the necessary probable cause to search Knight's car.

A district court's decision on a motion to suppress is subject to a bifurcated standard of review. The appellate court reviews the district court's factual findings to determine whether they are supported by substantial competent evidence. *State v. Patterson*, 304 Kan. 272, 274, 371 P.3d 893 (2016). Substantial competent evidence is evidence that is both factually and legally relevant and sufficient for a reasonable person to rely upon it to support a conclusion. *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015). In reviewing the factual findings, the appellate court does not reweigh the evidence or assess the credibility of witnesses. *Patterson*, 304 Kan. at 274. If the

4

appellate court affirms the district court's factual findings, the appellate court will then review the district court's ultimate legal conclusion using a de novo standard. *State v. Woolverton*, 284 Kan. 59, 70, 159 P.3d 985 (2007).

In its first claim of error, the State argues the district court ignored or disregarded key evidence in granting Knight's motion to suppress. The State is referring to evidence presented during the preliminary hearing in this case, which was held four months before the hearing on the motion to suppress. At the preliminary hearing, Deputy Thorne testified that before she searched the car she asked Knight whether there were any drugs in it. Knight reportedly told Thorne that there was marijuana in the glove box. The State contends the district court erred in failing to consider this evidence as part of its analysis in determining whether to suppress the evidence discovered by Thorne while searching the car.

But the State's argument fails to acknowledge that the judges presiding over the preliminary hearing and the hearing on the motion to suppress were different. Judge Richard Burgess presided over Knight's preliminary hearing. Judge Ron Svaty presided over the evidentiary hearing on Knight's motion to suppress, which was held four months after the preliminary hearing. Although Deputy Thorne testified at the preliminary hearing that she asked Knight—before she started her search—whether there were any drugs in the car and Knight said yes, evidence of the question asked and the answer given was not presented at the hearing on the motion to suppress. And notably, the State did not request a transcript of the preliminary hearing until after filing its notice of appeal; thus, it is reasonable to infer that Judge Svaty did not have access to the earlier testimony. For these reasons, we find no error by the district court and our review of the district court's order suppressing the evidence discovered in the car is limited to the evidence presented by the State at the suppression hearing. See *State v. Jones*, 300 Kan. 630, 645, 333 P.3d 886 (2014) (as a general rule, review of district court's ruling on motion to suppress must be based solely on evidence presented at suppression hearing).

5

In its second claim of error, the State argues that even without evidence of Knight's admission before the search, the search conducted by Deputy Thorne was lawful.

The Fourth Amendment to the United States Constitution and § 15 of the Kansas Constitution Bill of Rights protect our right to be secure in our person and property from unreasonable searches or seizures by the government, including law enforcement officers. Accordingly, warrantless searches by police are considered unreasonable unless a recognized exception permits them. Kansas has recognized several exceptions to the Fourth Amendment search warrant requirement: consent, search incident to a lawful arrest, stop and frisk, probable cause plus exigent circumstances, the emergency doctrine, inventory searches, plain view or feel, and administrative searches of closely regulated businesses. *State v. Sanchez-Loredo*, 294 Kan. 50, 55, 272 P.3d 34 (2012). The State has the burden of demonstrating that the search was lawful. *State v. Keenan*, 304 Kan. 986, 993, 377 P.3d 439 (2016).

The probable cause plus exigent circumstances exception applies here. Under this exception, the police may search without a warrant when they have probable cause to search—meaning there is a fair probability that the police will find evidence of a crime— and exigent circumstances. *State v. Jefferson*, 297 Kan. 1151, 1159, 310 P.3d 331 (2013). Because the police searched Knight's car, this case falls under a subclass of the probable cause plus exigent circumstances exception: the automobile exception. This exception was first recognized in *Carroll v. United States*, 267 U.S. 132, 45 S. Ct. 280, 69 L. Ed. 543 (1925). Under the automobile exception, the mobility of the vehicle itself provides the exigent circumstances. *Maryland v. Dyson*, 527 U.S. 465, 466-67, 119 S. Ct. 2013, 144 L. Ed. 2d 442 (1999); *Sanchez-Loredo*, 294 Kan. at 51. The vehicle's "'ready mobility'" is an exigency sufficient to excuse failure to obtain a warrant, so the fact that the driver of the vehicle and any passengers are no longer in the vehicle at the time of the search does not make the vehicle immobile so as to eliminate the application of the

automobile exception. *Pennsylvania v. Labron*, 518 U.S. 938, 940-41, 116 S. Ct. 2485, 135 L. Ed. 2d 1031 (1996) (automobile exception applied to warrantless search of defendants' vehicles, even though defendants had already been arrested at time of search). With exigency established by the automobile exception, we need only to determine whether the police had probable cause for the search.

Probable cause to search a vehicle exists when the totality of the circumstances indicates there is a fair probability that the vehicle contains contraband or evidence of a crime. *Jefferson*, 297 Kan. at 1159. Probable cause is "'a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules.'" *Florida v. Harris*, 568 U.S. 237, 244, 133 S. Ct. 1050, 185 L. Ed. 2d 61 (2013). "The probable-cause standard is incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of the circumstances." *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S. Ct. 795, 157 L. Ed. 2d 769 (2003).

When analyzing the totality of the circumstances to determine whether probable cause exists, we consider "'all of the information in the officer's possession, fair inferences therefrom, and any other relevant facts, even if they may not be admissible on the issue of guilt.'" *State v. Ramirez*, 278 Kan. 402, 406, 100 P.3d 94 (2004). The Fourth Amendment permits the use of an officer's training and experience as a factor in the probable-cause analysis. *United States v. Arvizu*, 534 U.S. 266, 273, 122 S. Ct. 744, 151 L. Ed. 2d 740 (2002) (totality of the circumstances process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information); *Ornelas v. United States*, 517 U.S. 690, 699, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996) (reviewing court must give "due weight" to factual inferences drawn by police officers in making probable cause determinations); *State v. Jones*, 300 Kan. 630, 647, 333 P.3d 886 (2014); *State v. Fitzgerald*, 286 Kan. 1124,

1129-30, 192 P.3d 171 (2008), *overruled in part on other grounds by Sanchez-Loredo*, 294 Kan. 50, 272 P.3d 34 (2012).

In *United States v. Ross*, 456 U.S. 798, 821-24, 102 S. Ct. 2157, 72 L. Ed. 2d 572 (1982), the United States Supreme Court refined the automobile exception created in *Carroll* by holding that the officers did not need a warrant to open a closed container in a vehicle when the officers had probable cause to search the entire vehicle. In so holding, the *Ross* Court emphasized that the scope of a warrantless search of an automobile "is defined by the object of the search and the places in which there is probable cause to believe that it may be found." 456 U.S. at 824.

Nine years after *Ross*, the Court was asked in *California v. Acevedo*, 500 U.S. 565, 573, 111 S. Ct. 1982, 114 L. Ed. 2d 619 (1991), to decide whether officers needed a warrant to search a closed container in a vehicle when the officers did not have probable cause to search the entire vehicle. There, law enforcement tracked a package containing marijuana to an address, after which they saw a man leave the address with a paper bag that appeared full, place the bag in the trunk of a car, and drive away. Officers stopped the vehicle, opened the trunk and bag, and found marijuana. The Court held the rule in *Ross* controlled. Unlike *Ross*, however, the Court noted that the police in *Acevedo* only had probable cause to believe a particular container, not the entire vehicle, contained contraband. As a result, the Court held that the scope of the search in *Acevedo* extended only to the container inside the trunk; the police lacked probable cause to believe contraband was concealed in any other part of the vehicle. 500 U.S. at 579-80. In so holding, the Court reiterated that the *Carroll* rule continued to govern all automobile searches: "The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained." *Acevedo*, 500 U.S. at 580.

Applying the legal principles set forth above to the facts presented here, we find Deputy Thorne had probable cause to search in those places that ultimately yielded the evidence subject to Knight's motion to suppress, specifically: (1) the middle console between the front seats where Thorne found a plastic container with a green leafy substance inside, the white pill, a circular object that contained a brown liquid, and the small plastic cylinder filled with a crystal white substance; and (2) the glove box where Thorne found a large blue cylindrical tube that contained a green leafy substance. Our finding of probable cause is based on the undisputed fact that Thorne observed—in plain view—a glass pipe tucked in Arnold's waistband, which Thorne testified she immediately recognized based on her training and experience as drug paraphernalia of the type used to smoke methamphetamine. Thorne's discovery in plain view of a glass pipe that Thorne knew was used to smoke methamphetamine supports a reasonable belief that additional drug paraphernalia, illegal drugs, or contraband might be found in that part of the passenger area within reach of Arnold as she was sitting in the passenger seat. This includes the middle console and the glove box, which is where Thorne discovered the contraband at issue in Knight's motion to suppress.

Both of the enclosed areas within which the contraband was found were within Arnold's reach while she was sitting in the passenger seat. For this reason, it is not necessary for us to determine whether the totality of the circumstances here would have permitted Deputy Thorne to conduct a warrantless search of those areas in the car outside of Arnold's reach. Thus, we intentionally limit our ruling today to the legal issue for determination under the facts as presented: the totality of the circumstances establishes a fair probability that additional drug paraphernalia and drugs might be discovered in that part of the car within Arnold's reach while a passenger in Knight's car. See *Jefferson*, 297 Kan. at 1159. Because the middle console and the glove box were both places within Arnold's reach while Arnold was riding in the car, Thorne had probable cause to conduct a warrantless search in those places for additional drug paraphernalia and drugs. See *Acevedo*, 500 U.S. at 579-80 (under automobile exception, scope of search extends only

9

to those places and containers within automobile whether officer has probable cause to believe contraband or evidence is contained) (citing *Carroll*, 267 U.S. 132).

The district court erred in granting Knight's motion to suppress evidence, and the order of suppression is reversed and the case remanded for further proceedings.

Reversed and remanded.