NOT DESIGNATED FOR PUBLICATION

No. 118,839

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ZACHARY J. FARNER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed April 5, 2019. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, assistant district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MALONE and POWELL, JJ.

PER CURIAM: Zachary J. Farner appeals his convictions of possession of methamphetamine and possession of drug paraphernalia following a bench trial on stipulated facts. Farner claims the district court erred by denying his motion to suppress the evidence because there was insufficient evidence to support the district court's finding that he committed a tag light infraction. He also argues for the first time that the search of his vehicle was unconstitutional. For the reasons stated in this opinion, we affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

At 9:48 p.m. on June 19, 2016, while on routine patrol, Reno County Sheriff's Deputy Brandon McVey began to follow a small white pickup truck. According to McVey, the tag light on the truck was not working and the license plate was so dirty that he could not read it, so he initiated a traffic stop. Farner was driving the truck and there was also a passenger. During the stop, McVey discovered that there was an arrest warrant for Farner, so he took him into custody.

While talking to Farner's passenger, who remained in the truck, McVey saw a small bag submerged in a plastic cup of what appeared to be tea. McVey read Farner his *Miranda* rights, after which Farner stated that the bag contained his drugs and paraphernalia. McVey retrieved the bag and found methamphetamine and drug paraphernalia inside.

On June 27, 2016, the State charged Farner with one count each of possession of methamphetamine and possession of drug paraphernalia. Farner filed a motion to suppress the evidence, arguing that the traffic stop was not supported by any reasonable suspicion of a traffic violation. He argued that body camera footage showed that the license plate was not obscured by dirt and did not establish that the tag light was out.

The district court held an evidentiary hearing on the motion on April 24, 2017, at which McVey testified and the body camera footage was admitted into evidence. McVey testified that he stopped Farner because "[t]he tag light was not working and the license plate was dirty to where I couldn't read it." He testified that he still could not read the tag when he was "approximately a car length and a half away" from Farner's truck. As he walked to the truck to speak to Farner, he again saw that the tag light "just wasn't on." The video footage showed only the license plate illuminated by McVey's headlights, making it hard to tell from the video whether the tag light was out.

After the evidence was presented, the State argued that McVey's testimony showed he had reasonable suspicion that Farner was committing the traffic violations of failing to have an operating tag light and having an illegible license plate. Farner argued that McVey's testimony about the license plate was not supported by the body camera footage, which showed the license plate was not dirty. Farner conceded that "it's difficult to tell if the tag light was out or not, given that [McVey's] headlights are illuminating so strongly there on the back of the truck." Arguing that the State had not shown reasonable suspicion of any crime, Farner contended "that the stop itself was flawed and everything following from that stop should be suppressed."

The district court ruled on the motion from the bench, gratuitously commenting on what the court perceived as McVey's attempts to "[tailor] his testimony from his training, whatever, to explain why he's doing what he's doing." Ultimately, however, the district court denied the motion to suppress, finding:

> "The issue is was the original stop proper. . . . McVey was on patrol, he saw a car and decided he was going to follow it. . . . He said he stopped the car because the tag was dirty, no tag light. The tag doesn't look dirty to me but no tag light is an infraction and the State has met its burden and the in fact the tag light was out."

On July 20, 2017, the district court held a bench trial on stipulated facts and Farner renewed his objection to the evidence. The stipulated facts were consistent with the evidence presented at the suppression hearing. Based on the stipulated facts, the district court found Farner guilty as charged.

On September 8, 2017, the district court sentenced Farner to 17 months' imprisonment but granted probation for 18 months, including drug treatment, to be supervised by community corrections. Farner timely filed a notice of appeal.

3

ANALYSIS

On appeal, Farner claims the district court erred by denying his motion to suppress the evidence. Specifically, Farner argues there was insufficient evidence to support the district court's finding that he committed a tag light infraction. Farner also argues for the first time that the search of his vehicle was unconstitutional.

The State argues there was substantial competent evidence to support the district court's finding of a valid traffic stop. As to the alleged illegal search, the State points out that Farner is raising this claim for the first time on appeal. On the merits, the State argues that the search was valid based on probable cause plus exigent circumstances.

> "Appellate review of a motion to suppress evidence is bifurcated: The factual underpinnings of the decision are reviewed for substantial competent evidence while the ultimate legal conclusion drawn from those facts is reviewed de novo. Substantial competent evidence is evidence that a reasonable person could accept as being adequate to support a conclusion. We do not reweigh the evidence, assess witness credibility, or resolve evidentiary conflicts. [Citations omitted.]" *State v. Boggess*, 308 Kan. 821, 825, 425 P.3d 324 (2018).

"The Fourth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, protects the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *Boggess*, 308 Kan. at 825-26. "A traffic stop is a seizure under the Fourth Amendment[,] and the officer conducting the stop must have reasonable suspicion, meaning a specific, objective, articulable basis for believing that the person being detained is committing, has committed, or is about to commit a crime." *State v. Kraemer*, 52 Kan. App. 2d 686, 691-92, 371 P.3d 954 (2016). "Whether reasonable suspicion exists is a question of law." *State v. Lowery*, 308 Kan. 359, 364, 420 P.3d 456 (2018). "The burden to prove the

4

legality of a challenged search or seizure rests on the State." *State v. Ton*, 308 Kan. 564, 568, 422 P.3d 678 (2018).

The only issue Farner raised in his motion to suppress was the legality of the initial traffic stop, and the only argument Farner made in district court was that there was insufficient evidence to establish the tag light violation. On appeal, Farner argues there was insufficient evidence to support the district court's finding that the traffic stop was justified because he violated K.S.A. 8-1706(c). The State argues there was substantial competent evidence to support the district court's finding of a valid traffic stop.

K.S.A. 8-1706(c) requires: "Either a tail lamp or a separate lamp shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of fifty (50) feet to the rear." At the hearing on the motion to suppress, the district court made a factual finding that "the State has met its burden and in fact the tag light was out." Our task on review is to determine whether that factual finding was supported by substantial competent evidence.

Farner focuses on the fact that the body camera footage does not establish that the tag light was out. But the body camera footage shows only Farner's rear license plate illuminated by McVey's headlights, so the video is inconclusive on whether the tag light was operational. In any event, contrary to Farner's assertions, to prevail on the motion to suppress, the State did not need to "prove a violation of Kansas traffic law." Instead, the State needed only to show that McVey had reasonable suspicion to believe that such a violation was occurring.

McVey testified that he noticed the tag light was out when he first began following Farner's truck. He testified that he still could not read the tag when he was "approximately a car length and a half away" from Farner's truck. It is reasonable to conclude that "approximately a car length and a half" is a distance less than 50 feet.

5

McVey also testified that as he walked to the truck to speak to Farner, he again saw that the tag light "just wasn't on." McVey's testimony provides substantial competent evidence to support the district court's factual finding that "the tag light was out."

Farner's brief on appeal concedes that the district court "apparently took Deputy McVey at his word" on whether the tag light was out. Essentially, Farner asks this court to reweigh the evidence and conclude that McVey's testimony that the tag light was out is not credible. As stated above, this court does not "reweigh the evidence, assess witness credibility, or resolve evidentiary conflicts" when reviewing a district court's decision on a suppression order. See *Boggess*, 308 Kan. at 825.

To sum up, there was substantial competent evidence to support the district court's finding that McVey had reasonable suspicion of a tag light violation. "A traffic violation is an objectively valid reason to stop and detain someone for a limited duration." *Kraemer*, 52 Kan. App. 2d at 692. As a result, the district court did not err in finding that the initial stop was legal.

Farner also argues that even if the initial stop was legal, the later warrantless search that uncovered the drug evidence was unconstitutional. He candidly admits that "this ground for suppression was not raised below," but he asserts that this court should still consider it for the first time on appeal. The State disagrees.

"'As a general rule, matters not raised before the district court cannot be raised for the first time on appeal.'" *State v. Messner*, 55 Kan. App. 2d 630, 640, 419 P.3d 642 (2018). This general rule has three recognized exceptions, and Farner asserts that the following two apply here:  "'(1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; [and] (2) consideration of the theory is necessary to serve the ends of justice or to prevent a denial of fundamental rights.'" 55 Kan. App. 2d at 640.

6

Contrary to Farner's arguments, however, neither exception allows him to challenge the search for the first time on appeal. This court cannot conduct a complete analysis of the search based only on the facts in the appellate record. The district court did not focus on the search of Farner's truck; it focused on the propriety of the initial stop, as did Farner in his motion to suppress. Our Supreme Court has been clear: "When a defendant affirmatively narrows the scope of a Fourth Amendment claim to an argument that reasonable suspicion did not support a seizure, an appellate court will not consider additional arguments on appeal." *Ton*, 308 Kan. 564, Syl.

In *Ton*, in challenging the district court's denial of a motion to suppress, the defendant argued for the first time on appeal that a package containing marijuana seized by police on its way to his address was detained for an unreasonable time. 308 Kan. at 565-67. This court declined to address the argument, holding that it was presented for the first time on appeal. 308 Kan. at 567. On review, our Supreme Court noted that Ton had argued to the district court only that there was no reasonable suspicion to support the police's seizure of a package addressed to him. 308 Kan. at 571.

> "With this assertion, Ton affirmatively narrowed the scope of his argument, resulting in a suppression hearing focused on whether authorities had reasonable suspicion to detain the package. In effect, Ton's arguments directed the district court to make findings and conclusions related only to the presence of reasonable suspicion. As a result, the record on appeal lacks the findings Ton needs to support his argument [that the package was detained for an unreasonable period of time] and the record an appellate court needs to review his claim. For this reason, we uphold the Court of Appeals decision not to address the merits of Ton's argument." 308 Kan. at 571-72.

Likewise, Farner affirmatively narrowed the scope of his suppression argument, resulting in a suppression hearing focused on whether McVey had reasonable suspicion to initiate the traffic stop. The State had no reason to present evidence that may have been relevant to the search of the truck, as that issue was beyond the scope of Farner's

suppression motion. Based on the evidence, the district court made findings and conclusions related only to reasonable suspicion, and neither the parties nor the district court addressed the legality of the later search. The record is insufficient to conduct the fact-specific inquiry necessary to analyze the constitutionality of that search, especially as the State asserts on appeal that the search was allowed under the probable cause plus exigent circumstances exception to the general warrant requirement. See *State v. Knight*, 55 Kan. App. 2d 642, 647, 419 P.3d 637 (2018) ("Probable cause is '"a fluid concept—turning on the assessment of probabilities in particular factual contexts."'").

In addition, K.S.A. 22-3216(1)-(3) requires "a defendant aggrieved by an unlawful search and seizure" to move for suppression *prior to trial* and in so moving state, in writing, "facts showing wherein the search and seizure were unlawful." As this court has previously recognized:

> "Nothing in this statute permits the defendant to present only some of the grounds upon which he or she argues the evidence should be suppressed and then later argue different grounds for the suppression at a later stage of the proceeding. K.S.A. 22-3216 indicates all of the grounds supporting the suppression of evidence must be raised in a motion to suppress prior to trial. Additionally, there is no support in K.S.A. 22-3216 to permit this court to entertain such a motion based on new factual grounds for the first time on appeal, and doing so would defeat the purpose of K.S.A. 22-3216." *State v. McLarty*, No. 117,392, 2018 WL 1546282, at *6 (Kan. App. 2018) (unpublished opinion).

Under K.S.A. 22-3216 and *Ton*, because Farner limited the basis for his motion to suppress to the initial stop, he may not argue for the first time on appeal that the evidence should be suppressed based on the illegality of the subsequent search. We conclude this issue is not preserved for our review.

Affirmed.