NOT DESIGNATED FOR PUBLICATION

No. 119,670

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN CEPEDA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; VAN Z. HAMPTON, judge. Opinion filed July 26, 2019. Affirmed.

*Terry J. Malone*, of Williams-Malone, P.A., of Dodge City, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM: Police secured a search warrant to search John Cepeda's apartment and located illegal drugs and drug paraphernalia. Cepeda moved to suppress the evidence of the search, arguing the district court erred in granting the search warrant. The district court denied the motion. After a bench trial on stipulated facts, the district court found Cepeda guilty of multiple charges of possession. Cepeda appeals, arguing the district court erred by denying his motion to suppress. Finding no error, we affirm.

1

In May 2017, Officers Abigail Fregon and Elier Rodriguez responded to a possible burglary in progress at an apartment building. When they arrived, Officers Fregen and Rodriguez contacted Cepeda who was installing a security camera outside his apartment. While speaking with Cepeda, the officers looked into Cepeda's apartment through his transparent screen door. The officers saw a pipe in the living room that they identified as a pipe used to smoke illegal drugs. After seeing the pipe, Officer Rodriguez entered the apartment to perform a security sweep while Officer Fregon stayed outside with Cepeda. Officer Rodriguez did not find anyone else in the apartment.

Officer Rodriguez applied for a search warrant for Cepeda's apartment. Officer Rodriguez' affidavit said that he

> "looked through the closed transparent screen door . . . and could see a small purple silver metal pipe on the coffee table in the living room which was in plain view. Based on my training and experience the purple silver metal pipe is commonly used to smoke illicit drugs."

The district court approved the search warrant.

Officers Fregon and Rodriguez searched the apartment and found marijuana, methamphetamine, and drug paraphernalia. The State charged Cepeda with possession of methamphetamine, possession of marijuana, and possession of drug paraphernalia.

Cepeda moved to suppress the evidence, arguing no probable cause existed to issue a search warrant. The district court denied Cepeda's motion.

The district court held a bench trial on stipulated facts with the understanding that Cepeda would appeal the denial of his motion to suppress. The district court convicted

Cepeda on each count and sentenced him to probation for 12 months' probation with an underlying prison sentence of 15 months. Cepeda timely appeals.

## DID THE AFFIDAVIT PROVIDE A SUBSTANTIAL BASIS FOR THE DISTRICT COURT TO DETERMINE THAT EVIDENCE WOULD BE FOUND IN CEPEDA'S APARTMENT?

*Standard of Review*

In reviewing whether an affidavit in support of a search warrant supplies probable cause, a judge must consider the totality of the circumstances presented and make "'a practical, common-sense decision whether a crime has been or is being committed and whether there is a fair probability that contraband or evidence of a crime will be found in a particular place.' [Citation omitted.]" *State v. Mullen*, 304 Kan. 347, 353, 371 P.3d 905 (2016). If there are no disputed material facts, this court exercises unlimited review. *State v. Sanchez-Loredo*, 294 Kan. 50, 54, 272 P.3d 34 (2012).

> "'When an affidavit in support of an application for search warrant is challenged, the task of the reviewing court is to ensure that the issuing magistrate had a substantial basis for concluding probable cause existed. This standard is inherently deferential. It does not demand that the reviewing court determine whether, as a matter of law, probable cause existed; rather, the standard translates to whether the affidavit provided a substantial basis for the magistrate's determination that there is a fair probability that evidence will be found in the place to be searched. Because the reviewing court is able to evaluate the necessarily undisputed content of an affidavit as well as the issuing magistrate, the reviewing court may perform its own evaluation of the affidavit's sufficiency under this deferential standard.' [Citation omitted.]" *Mullen*, 304 Kan. at 353.

*Discussion*

The Fourth Amendment of the United States Constitution and § 15 of the Kansas Constitution Bill of Rights protects our right to be secure in our person and property from unreasonable searches or seizures by the government. Courts prefer searches to be

conducted under the authority of a warrant. *State v. Rupnick*, 280 Kan. 720, 733, 125 P.3d 541 (2005).

A district court shall issue a search warrant when an affidavit "states facts sufficient to show probable cause that a crime has been, is being or is about to be committed and which particularly describes a person, place or means of conveyance to be searched and things to be seized." K.S.A. 2018 Supp. 22-2502(a).

> "'Probable cause is the reasonable belief that a specific crime has been committed and that the defendant committed the crime. Probable cause exists where the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.'" *State v. Regelman*, 309 Kan. 52, 61, 430 P.3d 946 (2018) (quoting *State v. Ramirez*, 278 Kan. 402, 406, 100 P.3d 94 [2004]).

The question here is whether probable cause existed based on an officer's plain view of what the officer believed to be, based on the officer's training and experience, a pipe used to smoke illegal drugs. This court has addressed a similar issue in *State v. Knight*, 55 Kan. App. 2d 642, 419 P.3d 637 (2018).

In *Knight*, an officer pulled over a car for having expired registration. When looking in the car, the officer noticed a glass pipe tucked into the passenger's waistband. The officer recognized the pipe as drug paraphernalia often used to smoke methamphetamine. The officer removed the car's occupants from the vehicle and searched the vehicle. Knight moved to suppress the evidence, arguing the officer did not have probable cause to search the car. The district court granted the motion and the State appealed. 55 Kan. App. 2d at 644.

4

This court reversed the district court, holding the officer had probable cause "based on the undisputed fact that [the officer] observed—in plain view—a glass pipe tucked in [the passenger's] waistband, which [the officer] testified she immediately recognized based on her training and experience as drug paraphernalia." 55 Kan. App. 2d at 648-49.

The facts here are like those in *Knight*. Here, Officer Rodriguez viewed a pipe which, based on his training and experience, he recognized as drug paraphernalia. See K.S.A. 2018 Supp. 21-5701(f)(12). And as this court recognized in *Knight*, a pipe coupled with the officer's knowledge that the pipe is used to smoke illegal drugs is enough to establish probable case. See 55 Kan. App. 2d at 648-49.

Cepeda argues Officer Rodriguez was only in law enforcement for six months and that his limited training and experience should weigh against a finding of probable cause. Courts can consider an officer's experience level when determining whether the officer had probable cause to search. *State v. Howard*, 305 Kan. 984, 993, 389 P.3d 1280 (2017). Cepeda does not cite to any case supporting the idea that Officer Rodriguez' six months in law enforcement, plus his prior training, was insufficient to identify a pipe as something commonly used to smoke illegal drugs. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue. *State v. Pewenofkit*, 307 Kan. 730, 731, 415 P.3d 398 (2018). Issues not adequately briefed are deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018).

Cepeda raises other issues but our finding that substantial evidence existed for concluding that there was sufficient probable cause to issue the search warrant renders those issues moot.

Affirmed.